IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | A-09-CV-179 LY |
| | § | |
| ARTHUR J. and JO M. GOERTZ | § | |

**REPORT AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motion to Dismiss under Rule 12(b)(6) or in the alternative, Motion for a More Definite Statement, filed on April 30, 2009 (Clerk's Doc. No. 5), and the United States' Opposition to the Motion to Dismiss, filed on May 11, 2009 (Clerk's Docket No. 21). On May 18, 2009, the District Court referred the above-motion to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended.

### I. GENERAL BACKGROUND

In 2002, Arthur J. Goertz and Jo M. Goertz ("Defendants") owned a 22.223697% interest in Farouk Systems Inc. ("Farouk"), a Subchapter S corporation that was in the business of manufacturing and selling hair care products. According to the Government's Complaint, Defendants and Farouk originally filed their 2002 tax returns without claiming any research and development credits under 26 U.S.C. § 41. However, after hiring Alliantgroup L.P. to conduct a research and development tax credit study, Farouk amended its 2002 tax return to claim a research credit in the amount of $645,100. Defendants also amended their 2002 personal tax return to claim their portion of the claimed credit ($143,365). On August 10, 2007, the Internal Revenue Service

("IRS") opened an examination of Farouk's 2002 amended return and disallowed the research credit claimed on that return. Because of a processing error, the IRS erroneously refunded $143,365 of the disallowed credit and $31,439.02 interest to the Defendants. The United States now seeks return of the refund given to the Defendants. Accordingly, on March 11, 2009, the United States filed the instant lawsuit against Defendants to recover the allegedly erroneous tax refund, pursuant to 26 U.S.C. § 7405.

Defendants have now filed the instant Motion to Dismiss the Complaint arguing that the Government has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative that the Court should order the Government to file a More Definite Statement. The Court will now determine whether this case should be dismissed pursuant to Rule 12(b)(6).

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and rarely granted." *Kaiser Alum. & Chem. Slas v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). In reviewing the motion, the court is to take all of the well-pleaded facts in the complaint as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). For years, the long-standing rule had been that a court may not dismiss a case under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court articulated the standard differently, stating instead that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)." 550 U.S. at 570 & 555. In its most recent term, the Supreme Court made it plain that this new standard applies to all case, not just to antitrust cases such as *Twombly*. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1953 (2009).

### III. ANALYSIS

Defendants argue that this case should be dismissed under Rule 12(b)(6) because the United States has failed to state a claim upon which relief can be granted. Defendants contend that the Government's claim for an erroneous refund under 26 U.S.C. § 7405 is an equitable claim and thus contends that the Government must demonstrate *prior to filing suit* "that it has some concrete and positive evidence" that Farouk improperly calculated the tax credits that eventually passed through to the Defendants' tax return. Instead of presenting the Court with concrete and positive evidence of why Defendants are not entitled to retain the refunds, Defendants contend that the Government has merely asserted "vague and unsupported allegations hoping it can audit, by way of litigation discovery, the financial and project records of Farouk Systems, Inc., to uncover some reason it may be able to convince this Court the Goertz are not entitled to the credits claimed." Defendants' Motion at 5. Defendants further aver that because the Government has not provided the Court with concrete and positive evidence that Defendants are not entitled to the tax credits taken in 2002 prior to filing this lawsuit, the Government cannot as a matter of law prove all of the elements required to succeed on their action under 26 U.S.C. § 7405.

In support of their argument that the Government must show "concrete and positive evidence" that Defendants are not entitled to the tax credits before filing an action under 26 U.S.C. § 7405, Defendants rely heavily on *Missouri Pacific Railroad Co. v. United States*, 338 F.2d 668, 672 (Ct. Cl. 1964). Defendants' reliance on *Missouri Pacific Railroad* and its progeny is misplaced because those cases involved an affirmative *setoff* defense, not a claim for an erroneous refund under

3

26 U.S.C. § 7405. In *Missouri Pacific Railroad,* the court required the government to support its *setoff defense* by coming forward with "some concrete and positive evidence, as opposed to a mere theoretical argument, that there is some substance to its claim and is not a mere fishing expedition or a method of discouraging taxpayers from seeking refunds on meritorious claims because of the cost that would result in proving each and every item involved in a tax return." *Id.* at 672. The court's analysis is not applicable to the case at bar since the Government is not seeking an offset in this case, but rather is seeking a return of an erroneous refund, an action clearly authorized by statute.

Moreover, equitable considerations do not preclude the United States from pursuing a refund in this case. The United States is clearly entitled to institute a civil action under 26 U.S.C. § 7405 to recover any portion of a tax erroneously refunded to a taxpayer. 26 U.S.C. § 7405. Thus, "[e]quity has no power to change this wholly legal result." *Valley Ice & Fuel Co., Inc. v. United States,* 30 F.3d 635, 640 (5th Cir. 1994). While Defendants are correct that an erroneous refund action is subject to equitable considerations, the premise behind such an action "is that the taxpayer is unjustly enriched at the expense of the government and other taxpayers." *United States v. MacPhail*, 313 F. Supp.2d 729, 735 (S.D. Ohio 2004). "As such, the government must show that the taxpayer has money 'it ought not to retain.' Usually, once the government proves that a refund is erroneous, this is sufficient to demonstrate that the taxpayer has money that it ought not to retain and that the government is entitled to recover." *Id.* Thus, the government satisfies its burden with respect to the applicable equitable considerations by showing that a refund was erroneous. *Id.* To demonstrate that a refund was erroneous under § 7405, the government must establish: (1) that a refund was paid to the taxpayer, (2) the amount of the refund, (3) that the government's recovery action was timely, and (4) that the taxpayer was not entitled to the refund *United States v. Philadelphia Marine Trade Ass'n/Int'l Longshoreman's Ass'n Vacation Fund*, 471 F. Supp.2d 518,

4

524 (E.D. Pa. 2007). In an action to recover an erroneous refund under § 7405, the government bears the burden of proof. *United States v. McFerrin*, 492 F. Supp.2d 695, 701 (S.D. Tex. 2007) (citing *United States v. Commercial Nat'l Bank of Peoria*, 874 F.2d 1165, 1169 (7th Cir. 1989)).

Accepting the United States' factual assertions as true and drawing all appropriate inferences in its favor as the Court must do when considering a Motion to Dismiss, the Court finds that the United States has sufficiently stated a claim for relief in this case. The United States' Complaint in this case alleges that it paid Defendants an erroneous refund of $143,365.00, plus $31,439.02 interest on November 6, 2002, and that Defendants were not entitled to the refund under section 41 of the Internal Revenue Code. See Complaint at ¶¶ 18, 20. Finally, the United States has established that this action is timely under § 6532(b). Suits by the United States for the recovery of erroneous refunds must normally be filed within two years after the making of the refund, which in this case would have been November 6, 2008. See 26 U.S.C. § 6532(b). However, a taxpayer may sign a written agreement with the IRS to extend the time in which the Government has to file an action under § 7405. *See United States v. National Steel Corp.*, 75 F.3d 1146, 1149 (7th Cir. 1996) (holding that IRS did not need statutory authority to bring action against taxpayer for return of income tax refund overpayment beyond two year statute of limitations for bringing suits to recover refunds since taxpayer agreed in closing agreement with IRS to extend statute of limitations). The United States alleges that the Defendants signed such an agreement in this case, and attach a copy of the agreement to the complaint.[1] Accordingly, the Government has pled sufficient facts to show that this lawsuit is timely.

---

[1] The document attached to the complaint is an "Agreement to Extend the Time to Bring Suit to Recover Erroneous Refund," extending the time for the Government to bring a suit under § 7405 from November 6, 2008, to December 31, 2010. See Exhibit A to Complaint.

5

Based upon the foregoing, the United States has pled sufficient facts to support its action under 26 U.S.C. § 7405 and thus Defendants' Motion to Dismiss should be denied. *See United States v. Spitzer,* 2007 WL 2376783 (11th Cir. Aug. 21, 2007) (denying motion to dismiss where government alleged viable claim under §7405); *Philadelphia Marine Trade Ass'n*, 471 F. Supp.2d at 525 (denying motion to dismiss where United States pled the essential elements for an erroneous refund action under § 7405).

Defendants' Alternative Motion for a More Definite Statement should also be denied. Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Motions for more definite statements are generally disfavored because the Federal Rules simply call for a short and plain statement of a claim to give the defendant fair notice of it and the grounds upon which it rests. FED. R. CIV. P. 8; see also *General Star Indem. Co. v. Vesta Fire Ins. Co.*, 173 F.3d 946, 951 (5th Cir. 1999) (reasoning that Rule 8 only requires a short and plain statement of sufficient to (1) provide notice of the circumstances giving rise to the claim or (2) set forth sufficient information to outline the claim elements or permit inferences to be drawn that these elements exist."). Rule 12(e) provides a remedy for unintelligible pleadings, and thus is only successfully invoked where (1) a responding party cannot reasonably respond to a pleading or (2) the pleading does not provide sufficient notice. *Id.* The Complaint in the instant case is adequate and complies with the Federal Rules of Civil Procedure. Accordingly, Defendants' Motion for a More Definite Statement should be denied.

## IV. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DENY** Defendants' Rule 12(b)(6) Motion to Dismiss and Alternative Motion for More Definite Statement (Clerk's Doc No. 6).

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 11th day of June, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE