**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **A-09-CA-179 LY** |
| | § | |
| **ARTHUR J. GOERTZ AND** | § | |
| **JO M. GOERTZ** | § | |

<u>**ORDER**</u>

Before the Court are Plaintiff's Expedited Motion for Leave to Exceed Depositions under Rule 30 (Clerk's Docket No. 40); Defendants' Motion to Compel Responses to Interrogatories (Clerk's Docket No. 43); and Defendants' Motion to Enter Protective Order (Clerk's Docket No. 45). The District Court referred the above-motions to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72 and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended. Consistent with the rulings stated from the bench at the hearing held on July 15, 2010, the Court enters the following orders.

<u>**Plaintiff's Motion to Exceed Depositions**</u>

The United States seeks leave of Court under Federal Rule of Civil Procedure 30(a)(2) to take 20 depositions in this case. Thus far, the United States has taken six depositions and has scheduled four more. In the present motion, the United States seeks leave to take a total of 20 depositions in this case, with the caveat that it may request additional depositions depending upon what it learns in those 20 depositions.

Federal Rule of Civil Procedure 30(a)(2) provides that a party must obtain leave of court to take a deposition "if the deposition would result in more than 10 depositions being taken. . . ." This

rule is intended to control discovery, and its attendant costs and potential for delay, by establishing a default limit on the number of depositions. *Barrow v. Greenville Independent School Dist.*, 202 F.R.D. 480, 483 (N.D. Tex. 2001).  *See also*, *Whittingham v. Amherst College*, 163 F.R.D. 170, 171-72 (D. Mass. 1995) ("These rules were promulgated to enable courts to maintain a 'tighter rein' on the extent of discovery and to minimize the potential cost of '[w]ide-ranging discovery' and the potential for discovery to be used as an 'instrument for delay or suppression.'" (quoting commentary to Rule 26(b)(2))).  "[L]eave of court" under Rule 30 is conditioned on the court determining the necessity of the depositions.  This is turn implicates the guidelines set out in FED. R. CIV. P. 26(b)(2)(C):

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> > (i)    the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> >
> > (ii)    the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;
> >
> > (iii)    the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the discovery in resolving the issues.

FED. R. CIV. P. 26(b)(2)(C).

After fully considering the criteria set out in Rule 26(b)(2)(C) and the circumstances of this case, the Court finds that the United States has failed to demonstrate the necessity of taking 20 depositions in this case.  The mere fact that more than ten individuals may have discoverable information in a case does not mean that taking more than ten depositions makes sense.  Many

depositions in these circumstances would be cumulative or provide little in the way of additional information needed for trial.  In this case, while the Court finds that taking an additional one or two depositions beyond the presumptive limit of the ten outlined in Rule 30 would be reasonable, permitting the United States to conduct *20* depositions would be excessive given the amount in controversy and the issues in dispute.  Accordingly, the Court will deny Plaintiff's request to take an additional 20 depositions in this case.  Plaintiff will be limited to conducting a *total* of 12 depositions in this case.

Accordingly, Plaintiff's Expedited Motion for Leave to Exceed Depositions under Rule 30 (Clerk's Docket No. 40) is **GRANTED in PART and DENIED in PART** consistent with the directives outlined above.

## Defendants' Motion to Compel Responses to Interrogatories

In an action to recover an erroneous refund brought pursuant to 26 U.S.C. § 7405, "the government bears the burden of proof."  *United States v. Commercial Nat. Bank of Peoria*, 874 F.2d 1165, 1169 (7th Cir. 1989).  In order to prevail on an action to recover an erroneous refund, the government must establish: (1) that a refund was paid to the taxpayers;(2) the amount of the refund; (3) that the government's recovery action was timely; and (4) that the taxpayers were not entitled to the refund which the government seeks to recover.  *United States v. Beltecno Inc. & Subsidiaries* 2009 WL 2568232 at *2 (W.D. Wash. Aug. 12, 2009).  Accordingly, the burden of proof in this lawsuit is on the United States to prove that the tax refund issued to the Defendants was erroneous.

In an attempt to prepare their defense of this lawsuit, Defendants served Plaintiff with their First Set of Interrogatories on October 19, 2009, which contains several "contention" interrogatories, asking the United States to state its position regarding why the research conducted by Farouk

Systems, Inc., was not entitled to a research tax credit under Section 41 of the Internal Revenue Code.  *See* Defendants' First Set of Interrogatories, Exh. A to Defendants' Motion.  The United States objected to the interrogatories as overbroad, vague, calling for legal conclusions, and requesting privileged information, and has not provided a substantive response.  The Defendants complain that they have been hamstrung by this response, because the United States has yet to provide a sufficiently detailed explanation of the basis for its claim that the tax credit was not permitted, such that the Defendants can prepare to defend case.  They claim that under the relevant Tax Code provisions there are numerous potential bases on which the United States might disallow the credit, and that without any response to these interrogatories they essentially have to prepare to defend against each possible argument.  They contend that this is unreasonable and burdensome, particularly in light of the fact that the United States filed the suit and bears the burden of proof, and the fact that it performed a detailed audit before suit (and procured an extension of the statute of limitations to complete that audit).  The United States argues that the interrogatories contain so many subparts that they far exceed the maximum permitted by the local rules, and moreover the requests are burdensome and call for attorney client or work product protected material.  The Court finds that the United States' primary objections to the interrogatories are without merit.[1]

Rule 33 provides that "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)."  FED. R. CIV. P. 33(a)(2).  In addition, "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to

---

[1]To the extent the interrogatories requested that the United States respond to inquiries on a project-by-project or employee-by-employee basis, the Court agrees that the interrogatories are overly broad and burdensome, and exceed the limits on interrogatories, given that there were over 90 projects and nearly 400 employees identified by the Defendants in the relevant interrogatories.

fact. . . ." *Id.*   The Court finds that Plaintiffs' interrogatories comply with Rule 33 and seek only non-privileged information relevant to the subject matter involved in this lawsuit.  As Judge Spears of this court held nearly 50 years ago:

> It would be unconscionable, under the circumstances, for the Government to be permitted to prosecute this suit challenging its own prior determination of defendant's tax liability, and then invoke governmental or attorney-client privileges, or the attorney's work-product doctrine, to deprive the defendant of matters which might be material to its defense. In this type of case the defendant should not be kept in the dark, but, on the contrary, a full disclosure should be made.

*United States v. San Antonio Portland Cement Co.*, 33 F.R.D. 513, 515 (W.D. Tex. 1963).  The request for the United States to identify in general terms why it believes the Defendants were not entitled to the tax credit at issue is reasonable in light of the fact that the United States is the plaintiff in this lawsuit, conducted an audit in this matter before filing suit, obtained an agreed-upon extension of the statute of limitations to accomplish the audit, and is the party with the burden of proof.  This lawsuit was filed more than 15 months ago, and it relates to events that took place in tax year 2002.  After this much time, if the United States cannot articulate why it contends the tax credit was erroneously permitted, then it should not be prosecuting this lawsuit.

Based upon the foregoing, the Court **GRANTS IN PART and DENIES IN PART** Defendants' Motion to Compel Responses to Interrogatories (Clerk's Docket No. 43).  The United States is ORDERED to supplement its responses to Interrogatories 3 - 6.  That supplement shall take the form of a document setting forth the basis for the Government's contention that the tax credit at issue in this case should have been disallowed and why it contends it is owed back to United States, including a summary of the factual bases for its contentions.  As noted in the footnote, the United

States need not provide its answer employee-by-employee or project-by-project.  The supplement shall be served on the Defendants no later than August 14, 2010.

### Defendants' Motion to Enter Protective Order

Lastly, Defendants request that the court issue a Protective Order in this case to protect any confidential or proprietary information and documentation which may be produced in this case. Because research and development conducted by Farouk Systems in this case is central to the issue of whether the Defendants were erroneously issued a refund for a research and experimentations related tax credit, the Court finds that Defendants' Motion to Enter Protective Order is reasonable and meritorious.  Accordingly, the Court **HEREBY GRANTS** the motion requesting entry of a protective order (Clerk's Docket No. 45), and consistent with this the Court will issue a protective order this date.

SIGNED this the 20th day of July, 2010.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE